T.C. Summary Opinion 2010-31

UNITED STATES TAX COURT

JOE STEWART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21262-07S.              Filed March 16, 2010.

Joe Stewart, pro se.

<u>G. Chad Barton</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code.

The issue for decision is whether for 2004 petitioner is entitled to relief from joint and several liability under section 6015.

## Background

The parties have stipulated some facts, which we incorporate by this reference. When he petitioned the Court, petitioner resided in Arkansas.

During 2004 petitioner resided with his then wife, Edith Stewart (Ms. Stewart). That summer, after discussing the matter with petitioner, Ms. Stewart went to work full time for a medical clinic in a town about 2 hours from their home. Her weekly routine was to leave home on Sunday evening or Monday morning, stay in the town where she worked during the week, and return home on Friday afternoon. In December 2004 she stopped working for the clinic.

The clinic paid Ms. Stewart $20 per hour plus expenses. During 2004 her compensation totaled $19,500.

On their 2004 joint Federal income tax return petitioner and Ms. Stewart failed to report this $19,500 of compensation. By notice of deficiency respondent determined that this omission gave rise to a $5,762 deficiency and a $1,152 accuracy-related penalty under section 6662. No Tax Court petition was filed in response to the notice of deficiency.

After respondent had assessed these liabilities, petitioner submitted to respondent Form 8857, Request for Innocent Spouse Relief. In a cover letter, petitioner's representative asserted that petitioner was unaware of the tax understatement when he signed the 2004 joint return and that he received no direct benefit from the unreported income.

Respondent's agents requested information from petitioner with respect to his request for relief, but petitioner failed to respond. Respondent's agents also requested information from Ms. Stewart, who responded in a questionnaire, under penalties of perjury, that petitioner was aware of the income she had earned at the medical clinic in 2004 and that he had used the unreported income to pay their joint living expenses and to purchase tools for personal use. She indicated on the questionnaire that neither she nor petitioner had reviewed their 2004 joint return before signing it.

In his final determination respondent denied petitioner's request for innocent spouse relief on the ground that "You did not respond to our request for additional information."

Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due on their aggregate income. Sec. 6013(d)(3). An

individual may seek relief from joint and several liability under section 6015, which offers three avenues of possible relief under subsections (b), (c), and (f).  In general, section 6015(b) provides full or apportioned relief from joint and several liability; section 6015(c) provides proportionate tax relief to divorced or separated taxpayers; and in certain circumstances section 6015(f) provides equitable relief if relief is not available under section 6015(b) or (c).  If the Commissioner denies a taxpayer's request for relief under section 6015, the taxpayer may petition this Court to review the determination. Sec. 6015(e)(1)(A).

In support of his requested relief petitioner asserts that Ms. Stewart took care of all family finances, that he had no control over her actions, and that he was unaware of any "wrong doing".  Petitioner has stipulated, however, that he knew that Ms. Stewart worked full time at the clinic, earning $20 an hour. We conclude that when he signed the 2004 joint return, petitioner had actual knowledge of the income that gave rise to the deficiency.  Consequently, he is not entitled to relief under section 6015(b) or (c).  See sec. 6015(b)(1)(C), (c)(3)(C).

A taxpayer who does not qualify for relief under section 6015(b) or (c) can be relieved from joint and several liability pursuant to section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the taxpayer

liable for any unpaid tax or deficiency. In determining the appropriate relief available under section 6015(f), we apply a de novo scope and standard of review. See Porter v. Commissioner, 132 T.C. ___ (2009).

Rev. Proc. 2003-61, 2003-2 C.B. 296, prescribes guidelines for determining whether an individual qualifies for relief under section 6015(f). Under these guidelines, petitioner's knowledge of the income giving rise to the deficiency weighs strongly against granting relief. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(B), 2003-2 C.B. at 298. The record fails to establish counterbalancing factors that are "particularly compelling." Id. In fact, petitioner has offered little more information in this proceeding to support his request for relief than he offered in the administrative proceeding, in which he failed to respond to requests for additional information. It is unclear from the record whether petitioner might have received significant benefit from the unreported income beyond normal support. The record does not suggest, however, that petitioner was subject to abuse, that he will suffer economic hardship if relief is denied, or that Ms. Stewart has a legal obligation to pay the outstanding income tax liability pursuant to a divorce decree or agreement. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(ii), (iv), (v), (b)(i), 2003-2 C.B. at 298-299. In the final analysis, petitioner's plea for relief appears to rest

largely on an assertion that he relied upon his ex-wife to make sure that her income was properly reported on their joint return. Such an assertion, even if true, is inadequate to establish his entitlement to relief from joint and several liability, particularly in the light of his knowledge of the income giving rise to the deficiency.

We sustain respondent's determination that petitioner is not entitled to relief pursuant to section 6015.

To reflect the foregoing,

Decision will be entered

for respondent.